IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JIMMY SMITH RACING TIRES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO.: 1:05-cv-0970-JEC |
| ALBERT ASHLEMAN, FLORIDA PRO ) | |
| SERIES, INC., and FLORIDA RACE CAR ) | |
| PRODUCTS, INC. ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

Now comes JIMMY SMITH RACING TIRES, INC. ("Jimmy Smith") by and through its attorneys of record, and files its first amended complaint, as follows:

**The Parties**

1.

Plaintiff Jimmy Smith is a Georgia corporation with its principal place of business in Cobb County, Georgia.

2.

Defendant Albert Ashleman ("Ashleman") resides at 1022 S.W. Howell Street, Lake City, Florida, in the county of Columbia, and is a citizen of Florida.

Defendant Ashleman can be served at this address.

3.

Defendant Florida Pro Series, Inc. ("Pro Series"), is a Florida corporation with a principal place of business of 1022 SW Howell Street, Lake City, Florida, in the County of Columbia. Albert Ashleman is this defendant's registered agent, who can be served at this defendant's principal place of business.

4.

Defendant Florida Race Car Products, Inc. ("Race Car Products"), is a Florida corporation with a principal place of business of 1024 SW Howell Street, Lake City, Florida, in the County of Columbia. Albert Ashleman is this defendant's registered agent, who can be served at this defendant's principal place of business.

**Jurisdiction and Venue**

5.

This court has personal jurisdiction over the defendants pursuant to the Georgia Long Arm statute, O.C.G.A. § 9-10-91.

6.

Defendants have engaged in repeated business transactions within this state by contracting with and purchasing tires from Jimmy Smith, a Georgia corporation, since 1983, and with purchases in excess of $1.5 million, and this suit arises directly out of those business transactions.

7.

There exists complete diversity of citizenship between parties to the case.

8.

The amount in controversy exceeds of $75,000, exclusive of interest and costs.

9.

This court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

10.

Venue is proper in this district pursuant to 28 U.S.C. § 1391 and LR 3.1 (B)(2), NDGa.

## Count 1 - Breach of Contract

11.

Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 10 of the Complaint.

12.

Jimmy Smith entered into agreements with defendants to supply various types of automobile racing tires in exchange for payment.

13.

Pursuant to the agreements, Jimmy Smith sent regular shipments of tires to defendants Ashleman, Pro Series, and Race Car Products along with invoices for those tires between the years 1999 and 2004.

14.

Between 1999 and 2004, Jimmy Smith shipped in excess of $628,347.61 worth of tires to these defendants for which the defendants failed to send payment.

15.

Through both partial payment and oral acknowledgment, defendant Ashleman repeatedly acknowledged his personal indebtedness to Jimmy Smith and represented that he would both repay and guarantee that indebtedness.

16.

Additionally, Albert Ashleman, in his capacity as shareholder, director, and officer of defendants Race Car Products and Pro Series, repeatedly acknowledged, through both partial payment and oral acknowledgment, those entities' indebtedness to Jimmy Smith and represented that they would both repay and guarantee that indebtedness.

17.

Defendants Ashleman, Pro Series, and Race Car Products are liable for all debts owed to Jimmy Smith.

### Count 2 - Breach of Contract

18.

Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 17 of the Complaint.

19.

Jimmy Smith entered into agreements with defendants Ashleman, Pro Series, and Race Car Products to supply various types of automobile racing tires in exchange for payment. In all cases, the orders were personally placed by defendant Ashleman.

20.

Pursuant to the agreements, Jimmy Smith sent regular shipments of tires to defendants Ashleman, Pro Series, and Race Car Products along with invoices for those tires between the years 2000 and 2004.

21.

In total, between 2000 and 2004, Jimmy Smith shipped approximately $628,347.61 worth of tires to these defendants for which these defendants never sent payment.

22.

Upon information and belief, defendant Ashleman is the sole or primary shareholder in defendants Race Car Products and Pro Series, and serves as the registered agent and sole director and officer of each.

23.

Defendant Ashleman at all times represented to Jimmy Smith that he would be personally responsible for and guarantee all indebtedness incurred by him personally, as well as for the debts of defendants Race Car Products and Pro Series.

24.

Upon information and belief, defendant Ashleman has commingled his personal assets with those of defendants Race Car Products and Pro Series, abusing the corporate form of those entities to escape personal liability for his debts.

25.

Defendant Ashleman is liable for all debts owed to Jimmy Smith personally and by his alter egos, defendants Race Car Products and Pro Series.

**Count 3 - Constructive Trust**

26.

Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 25 of the Complaint.

27.

After acknowledging his indebtedness and the indebtedness of his alter egos, defendants Race Car Products and Pro Series, to Jimmy Smith, defendant Ashleman entered into an agreement with Jimmy Smith agreeing to repay all indebtedness out of the proceeds of the sale of defendant Ashleman's business venture, the Columbia Motor Speedway, owned by another of Ashleman's shell

corporations, Columbia Motorsports ("Columbia").

28.

Upon information and belief, defendant Ashleman, prior to the sale of the race track, was the sole or a primary shareholder of Columbia, was its president, and as such, made representations to plaintiff that proceeds from the sale of Columbia Motor Speedway would be used to repay the indebtedness of defendant Ashleman and his alter egos, defendants Pro Series and Race Car Products

29.

Defendant Ashleman, as president of Columbia, abused the corporate form of Columbia, using that entity, along with the entities of defendants Race Car Products and Pro Series, in an attempt to escape liability for debts owing to plaintiff.

30.

Defendant Ashleman sold his business in or about the end of 2004 or beginning of 2005.

31.

Upon information and belief, following the sale of Columbia Motor Speedway, rather than using the proceeds to repay his indebtedness and the

indebtedness of his alter egos, defendants Race Car Products and Pro Series, to Jimmy Smith, defendant Ashleman used the proceeds to purchase other property.

32.

Any proceeds from the sale of Columbia Motor Speedway, up to the amount owing to Jimmy Smith from defendants Ashleman, Race Car Products, and Pro Series, rightfully belong to Jimmy Smith pursuant to defendant Ashleman's agreement with Jimmy Smith, in his personal capacity and as alter ego of defendants Race Car Products and Pro Series.  All such funds received by any defendant from the sale of Columbia Motor Speedway and converted into other property, personal or real, are directly traceable to the indebtedness of defendants Ashleman, Pro Series, and Race Car Products to Jimmy Smith.

## **Count 4 - Fraud**

33.

Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 32 of the Complaint.

34.

Defendant Ashleman at all times represented to Jimmy Smith that he would be personally responsible for and guarantee all indebtedness incurred by him

personally, although Ashleman had no intentions of paying off the debts owed to Jimmy Smith.

35.

Defendant Ashleman made promises to Jimmy Smith that he would be personally responsible for and guarantee all indebtedness incurred by him personally, for the purpose of deceiving Jimmy Smith and to induce Jimmy Smith to continue shipping him tires.

36.

Defendant Ashleman, as an inducement to procure the continued shipment of tires from Jimmy Smith to defendants, promised Jimmy Smith that the continued shipment of tires would allow Ashleman to sell his race track, and that the funds from that sale would be used to pay defendants' indebtedness to Jimmy Smith.

37.

Plaintiff Jimmy Smith justifiably relied on the promises and guaranties of defendant Ashleman, and was therefore induced into continually shipping tires to Ashleman and his corporate entities.

38.

Defendant Ashleman sold his business in or about the end of 2004 or beginning of 2005. Rather than repaying his and the other defendants' indebtedness to Jimmy Smith, however, this defendant instead purchased other property with the proceeds of that sale, and failed to fulfill his promise to repay Jimmy Smith.

39.

Plaintiff Jimmy Smith has suffered to his monetary detriment, because he was induced into shipping hundreds of thousands of tires to Ashleman and his corporate entities, for which Jimmy Smith has not received payment.

### Count 5 - Promissory Estoppel

40.

Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 39 of the Complaint.

41.

Defendant Ashleman made a promise to Jimmy Smith to personally guarantee and pay for all indebtedness of him personally and the indebtedness of his shell corporations.

42.

Upon knowledge and belief, Defendant Ashleman expected plaintiff Jimmy Smith to rely on his personal promises and guaranties, such that Jimmy Smith would continue to ship him tires.

43.

Defendant Ashleman promised Jimmy Smith that the continued shipment of tires would enable Ashleman to sell his race track, and Ashleman promised Jimmy Smith that the indebtedness of Ashleman and the other defendants would be paid out of the proceeds of that sale.

44.

Plaintiff Jimmy Smith relied on the promises and guaranties of defendant Ashleman and for that reason alone continued to ship Ashleman hundreds of thousands of dollars in tires.

45.

Plaintiff Jimmy Smith has shipped $628,347.61 worth of tires to defendant Ashleman and his corporate entities between 2000 and 2004, for which he has not received payment and the only way injustice can be avoided is if Ashleman's promise to pay for the tires he has been shipped is enforced.

## Count 6 - Attorney's Fees

46.

Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 45 of its Complaint.

47.

There exists no defense to this action which could create a bona fide controversy to the indebtedness owed to Jimmy Smith from defendants, and thus any defense would create unnecessary trouble and expense for plaintiff. Attorneys fees are therefore appropriate pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, plaintiff Jimmy Smith Racing Tires, Inc., respectfully demands a trial by jury and that judgment be entered in its favor and against all defendants, jointly or individually for the amounts specified herein, or against defendant Albert Ashleman personally and as the alter ego of defendants. Alternatively, plaintiff requests that the court use its equitable powers to impose a constructive trust on any property purchased with funds belonging to plaintiff as alleged in this Complaint. Additionally, plaintiff requests that it grant all costs, prejudgment interest, interest, attorney's fees, and such other relief as the court may allow.

Respectfully submitted this 15th day of August, 2005.

    */s  John D. Hadden, Esq.*
Richard P. Hamilton
Georgia Bar No. 321274
rhamilton@carteransley.com
John D. Hadden
Georgia Bar No. 141317
jhadden@carteransley.com
Attorneys for Plaintiff
Jimmy Smith Racing Tires, Inc.

CARTER & ANSLEY LLP
Suite 2300, Atlantic Center Plaza
1180 West Peachtree Street
Atlanta, Georgia 30309
(404) 658-9220 (telephone)
(404) 658-9726 (facsimile)

**CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE**

Pursuant to LR 5.1, NDGa., the foregoing *First Amended Complaint* is prepared in Times New Roman, 14 point, and was filed with the clerk of court via the CM/ECF system which will automatically send email notification of filing to the following attorneys of record:

>Jeffrey D. Horst
>horst@krevolinhorst.com
>David A. Sirna
>sirna@krevolinhorst.com
>Krevolin & Horst, LLC
>1175 Peachtree Street, N.E.
>100 Colony Square, Suite 2150
>Atlanta, GA 30308
>*Attorneys for Defendants*

This 15th day of August, 2005.

>    /s John D. Hadden
>Richard P. Hamilton
>Georgia Bar No. 321274
>rhamilton@carteransley.com
>John D. Hadden
>Georgia Bar No. 141317
>jhadden@carteransley.com
>*Attorneys for Plaintiff*
>Carter & Ansley LLP
>Atlantic Center Plaza, Suite 2300
>1180 West Peachtree Street
>Atlanta, Georgia 30309
>(404) 658-9220 (telephone)
>(404) 658-9726 (facsimile)